UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY NIELSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　Respondent. | No.  2: 23-cv-2744 KJN P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner, filed a letter with the court challenging the validity of his San Joaquin County conviction.  Petitioner filed no other pleadings.  In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a), 1915(a).  The court will not issue any orders granting or denying relief until an action is properly commenced.  Therefore, petitioner's letter is disregarded.  Unless petitioner files a petition and submits an application requesting leave to proceed in forma pauperis or submits the appropriate filing fee, this action will be dismissed.

////

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's letter filed November 28, 2023 (ECF No. 1) is disregarded;

2. Within thirty days,[1] petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case. Petitioner shall file the original petition and one copy of the petition. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated: December 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Niel2744.nop

---

[1] By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015). Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).